JESSIE J. CASKEY v. JANE CASKEY.

[Abstract Kentucky Law Reporter, Vol. 1—280.
Reported later in abstract, 4 Ky. L. 726, and in full p. 811.]

### Alimony Pending Divorce.

Until such time as a husband in a divorce proceeding establishes by evidence the dereliction of the wife without his fault, he is legally bound to support her. Pending the suit, the wife being without adequate means, is entitled to alimony.

### Allowance of Alimony.

The allowance of $125 for the temporary support of the wife, pending a divorce, is a reasonable allowance where the husband's estate is worth $4,000 or $5,000.

APPEAL FROM MORGAN CIRCUIT COURT.

September 7, 1880.

OPINION BY JUDGE HARGIS:

The pleadings and affidavits present the sole question, whether the appellee is entitled to alimony pending suit brought by her for divorce against her husband, the appellant. There being nothing else in the record by which to decide the question, the reasonableness or unreasonableness of the separation cannot now be considered, and cannot be decided until the evidence shall have been taken in the legal mode. It is true the appellant controverts the material allegations of his wife's petition. But until he establishes by affirmative evidence, her dereliction without his fault, he stands under legal demand to support her. The mere fact that the suit is pending, incomplete in its preparation, is alone sufficient to entitle the wife, who has no adequate means of her own, whether plaintiff or defendant, to alimony during its pendency. 2 Bishop on Marriage and Divorce (6th ed.), Sec. 384; Sec. 6, Art. 3, Chap. 52, General Statutes; Cravens v. Cravens, 4 Bush 435.

The allowance of $125 for the appellee's temporary support is certainly very reasonable out of an estate, as the record shows, of $4,000 to $5,000, now owned by appellant. It is to be presumed that the court did not make the allowance as compensation, either in whole or in part, to the appellee's counsel, because that question depends upon the final result of the action, and the judgment complained of does not direct any compensation to the attorneys.

Judgment affirmed with damages.

John T. Hazelrigg, for appellant.

Henry & Cooper, for appellee.